United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51397
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RODOLFO BELTRAN, ALSO KNOWN AS RUDY, ALSO
KNOWN AS CHANO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(MO-00-CR-46-4)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Rodolfo ("Rudy") Beltran appeals his

guilty-plea conviction for conspiracy to possess with the intent to

distribute and conspiracy to distribute controlled substances.  He

argues that in light of the Supreme Court's decision in <u>Blakely v.</u>

<u>Washington</u>, 124 S. Ct. 2531 (2004), the sentence enhancements he

was assessed for obstruction of justice and having an aggravating

role were unconstitutional.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beltran's argument is foreclosed by this court's opinion in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263), in which we held that Blakely does not apply to the federal sentencing guidelines.

Beltran alternatively contests his sentence, arguing that the district court erred by enhancing his sentence based on his having an aggravating role in the offense. We review the district court's factual determination that Beltran played an aggravating role for clear error. See United States v. Turner, 319 F.3d 716, 724 (5th Cir.), cert. denied, 538 U.S. 1017 (2003). The uncontroverted information provided in the PSR and the testimony adduced at the sentencing hearing confirm that the district court did not clearly err in assessing Beltran an aggravating role in the offense. See id. at 724-25. Given this conclusion, we further hold that there was no error, plain or otherwise, in Beltran's not receiving the minor-role adjustment. U.S.S.G. § 3B1.2, comment. (n.3(A)); United States v. Guerrero, 5 F.3d 868, 870 (5th Cir. 1993).

Beltran also contends that the district court erred in assessing him a two-level adjustment for obstruction of justice. We review the district court's factual finding of obstruction of justice under the clear-error standard. See United States v. Odiodio, 244 F.3d 398, 404 (5th Cir. 2001). Beltran's own testimony at the sentencing hearing established that he remained in Mexico to avoid judicial process in this country. The district

court did not clearly err in determining that the adjustment for obstruction of justice assessment was warranted. See U.S.S.G. § 3C1.1, comment. (n.4(e)); Odiodio, 244 F.3d at 404.

Finally, Beltran argues that the district court erred by concluding that he was not eligible for application of the safety-valve provision of U.S.S.G. § 5C1.2. As Beltran was an organizer/leader in the offense, he did not meet the requirements for application of the safety valve. See U.S.S.G. § 5C1.2(a).

Beltran's conviction and sentence are, in all respects, AFFIRMED.